[No. 1304, August 25, 1910.]

TERRITORY OF NEW MEXICO, Appellee, v. JAMES M. KENNEDY, Appellant.

SYLLABUS (BY THE COURT.)

1. In a trial for murder the only evidence offered in behalf of the defendant was that he was insane at the time of the alleged homicide.

2. The trial court gave appropriate instructions as to the presumption of innocence and the burden of proof resting on the Territory, and provided for the jury three forms for a verdict; by one of which they could find the defendant

Territory v. Kennedy.

guilty, as charged; by one not guilty on the ground of his insanity at the time of the alleged homicide; and by one not guilty on the ground of insanity at the time of the trial, but provided no form for a verdict of not guilty independent of the question of insanity, and, as appears by the record, refused the request of the defendant's counsel to provide such a form. Held reversible error.

3. If, in the progress of a trial on a criminal charge, the trial judge concludes from observation or otherwise that there is reason to doubt the sanity of the defendant at that time he should submit that question to the jury along with the principal issue requiring a special verdict on that point.

4. It is error to instruct a jury, in a criminal case, that if they believe from the evidence the defendant is insane at that time they should acquit him, but no error of which the defendant can, with reason, complain since it gives him a chance of acquittal to which he is not entitled.

5. The word "frenzy" as used in an instruction on insanity may have been misleading and might better have been avoided.

Appeal from the District Court from Grant County before FRANK W. PARKER, Associate Justice. Reversed and remanded.

R. F. HAMILTON and JAMES R. WADDILL for Appellant.

Evidence improperly admitted. Crawford v. Christian, 102 Wis. 51.

Testimony of physicians to the effect that defendant was insane was relevant on the question of sanity at the time of the alleged crime. Freeman v. People, N. Y., 4 Denio 9, 47 Am. Dec. 216; People v. Farrel, 31 Cal. 576; 2 Greenleaf Ev. 690.

Instruction requested by defendant but refused and

which correctly stated the law, should have been given. Aquilar v. Ty., 8 N. M. 496; Ty. v. Baca, 11 N. M. 559; Davis v. U. S., 160 U. S. 469; Coffin v. U. S., 156 U. S. 432; Ty. v. Lucero, 8 N. M. 543, 558; Ty. v. Anderson, 4 N. M. 213.

Definition of insanity. Davis v. U. S., 165 U. S. 373, 41 L. ed. 750; Ritter v. L. Ins. Co., 169 U. S. 149; Butler v. State, 102 Wisconsin 364, 367; Guiteau's Case, 10 Fed. Rep. 161.

Although sanity is presumed to be the normal state of the human mind, yet where insanity is once proven to exist, it is presumed to continue until the presumption is overcome by contrary or repelling evidence. State v. Wilner, 40 Wis. 304; State v. Spencer, 21 N. J. L. 196; 7 Enc. of Ev. 456, 462; 12 Cyc. 165.

The common law forbids the trial, the sentencing, or the punishment of an insane person. Freeman v. People, 4 Denio 9; Cases cited in Cen. Dig., Title Crim. Law, secs. 1391, 1392; C. L. 1897, sec. 1929; State v. Gould, 40 Kan. 258, 19 Pac. 739; Weber v. Commonwealth, 119 Pa. St. 223, 4 Am. St. Rep. 634.

In criminal cases where a defendant pleads not guilty, the court has no power to direct a verdict of guilty even where the incriminating evidence is conclusive or uncontradicted. 12 Cyc. 373, 595; Territory v. Kee, 5 N. M. 510; C. L. 1897, sec. 1929.

The presumption of innocence was itself to be considered as evidence in favor of the defendant under his plea of not guilty. Coffin v. U. S., 156 U. S. 432; Davis v. U. S., 160 U. S. 469; Territory v. Lucero, 8 N. M. 543; 22 Enc. Pl. & Pr. 894, 895.

FRANK W. CLANCY, Attorney General, for Appellee.

The practice of singling out small portions of a charge and attempting to predicate reversible error thereon without reference to the other instructions is condemned. Pinkerton v. Ledoux, 3 N. M. 410; Territory v. Garcia, 12 N. M. 98; Territory v. Livingston, 13 N. M. 318; U. S. v. Densmore, 12 N. M. 106.

The essential facts are stated in the opinion.

## OPINION OF THE COURT.

ABBOTT, J.—The defendant, here the appellant, was tried for murder in the first degree in the District Court of Grant County, and was found guilty on the charge in the indictment.

A motion for a new trial was duly made and was overruled, and the case is here on appeal.

The defendant and two others were with Francis G. Evans, the man who was killed, and in his employ, on a trip with a lot of cattle which Evans was driving from one point to another in the county.

Kennedy was acting as cook for the party. On the day preceding the homicide he failed to bring the water from their last camping place, and, as Edward Koen, one of the party, testified Evans told him he had been obliged to reprimand Kennedy for his neglect, or as he expressed it "jack him up pretty sharp" for it and send him back for the water. That night or about three o'clock the next morning. Koen, who was sleeping close by Evans, awoke and found Kennedy standing over Evans, holding an axe with which he struck Evans three blows from which he died without regaining consciousness.

The defense was insanity and the only evidence offered in behalf of the defendant was on the question of his sanity at the time of the homicide.

As bearing on that question, however, testimony was offered that he was taken, at the time of the trial, insane. That led the trial judge to state, in the presence of the jury, in substance, that the law did not tolerate the trial of an insane person and if he was then insane the trial could proceed no further at that time. He then sent out the jury and examined witnesses as to the sanity of the defendant but came to the conclusion that the question should be submitted to the jury with the other questions in the case, recalled the jury and proceeded with the trial.

The course which the trial court pursued in submitting to the jury, with the other issues in the case, the question whether the defendant was then insane, is, we think, required by our statute, Sec. 1929, C. L. 1897, when the question is first raised after the trial has begun.

In Youtsey v. United States, 97 Fed. 937, in an opinion which exhaustively reviews the decisions on the subject, Lurton, then Circuit Judge, declared that a trial judge might, in his discretion, determine the question for himself or "submit it to the jury along with the principal issue requiring a special verdict, as to the competency of the defendant to understand the proceedings and intelligently defend himself." . "But if the jury find insanity to exist," he continues, "a verdict upon the issue of not guilty should be quashed," citing Reg. v. Berry, 12 B. Div. 447, and 2 Bish. Crim. Proc., Sec. 666. That the conclusion was, however, based on the Common Law and in this jurisdiction would have to be modified to conform to the statute referred to.

After the evidence was in the court gave the jury other instructions appropriate to the different features of the case and instruction No. 20, thus:

"You will observe from the foregoing instructions that there are three issues presented in this case for your determination, viz: First, did the defendant commit the acts charged against him in the indictment in the manner therein alleged. Second, was the defendant sane or insane at the time of the commission of those acts, if he committed them. Third, is the defendant sane or insane at the present time and has he been such during the progress of this trial."

"If you find the defendant not guilty, it will become your duty to find specially upon the last two issues mentioned and forms of verdict will be submitted to you for that purpose."

And instruction No. 24, in these words:

"I hand you three forms of verdict; one, guilty of murder in the first degree as charged in the indictment; one, not guilty, together with a finding that the defendant was at the time of the commission of the crime charged insane and that he is acquitted for that reason; and one, not guilty, together with a finding that the defendant has been throughout this trial and is now insane and for that reason that he is acquitted."

To each of which the defendant duly excepted.

Territory v. Kennedy.

The three forms for a verdict delivered to the jury by the court were these:

(1)  "Guilty of murder in the first degree."

(2)  "Not guilty, together with the finding that the defendant was, at the time of the crime charged, insane and that he was acquitted for that reason."

(3)  "Not guilty, together with the finding that the defendant has been, throughout the trial, insane and that he was acquitted for that reason."

The defendant's attorney, according to the record, excepted to these forms of verdict prepared by the court and requested that a general form for a verdict of acquittal be provided by which the jury might find the defendant not guilty, independent of the question of his sanity.

This the court refused to do, and to this refusal exception was duly taken.

We are of the opinion that this refusal, probably made inadvertantly, was, on principles too familiar to require discussion, an error which entitles the defendant to a new trial.  Coffin v. United States, 156 U. S. 432, 459.

It is true that the court gave the jury correct instructions as to the presumption of innocence and the necessity that the Territory should satisfy them beyond a reasonable doubt of the truth of every material allegation in the indictment in order to warrant a verdict of guilty.  It is also true that the court need not have provided the jury with any forms for a verdict and that although such forms were provided, by the court, the jury might have disregarded them and rendered a verdict in its own way.

But the jury was not informed that such was the case and naturally must have supposed that it was limited to the forms which were furnished by the court.

There was no form which enabled the jury to find the defendant not guilty, independent of the question of insanity.  The effect was to deprive him of the benefit of the presumption of innocence to which he was entitled throughout the trial.  22 Enc. Plead. and Prac., pp. 894, 895.

In view of the conclusion reached we will consider only two of the other errors assigned, and that mainly in

order to aid in further proceedings in the cause in the District Court.

Insanity at the time of the trial alone is not a ground of acquittal and should not have been submitted to the jury as such ground in this case. That, however, is not an error of which the defendant could complain since it gave him a chance of acquittal to which he was not entitled.

The instructions on the question of the defendant's insanity, at the time of the homicide, Nos. 14 and 15, p. 18, of the record, while in the main sound and adequate contain the statement, in instruction 14, that if the defendant "although he was conscious of the act he was doing and knew its consequences, but was in consequence of his insanity wrought up to such a frenzy as rendered him incapable and unable to control his actions or direct his movements, then you are instructed that the defendant will not be legally responsible for his acts and you will in that case acquit him."

There are conditions of insanity, without doubt, which deprive the will of its normal governing power, yet fall far short of amounting to "frenzy" in the ordinary acceptation of that word; the sense in which it would naturally be understood by a jury, and we think it, for that reason, a misleading and unsafe expression to use in an instruction.

The judgment of the lower court is reversed and the cause remanded for a new trial.