414 P.2d 850

STATE of New Mexico, Plaintiff-Appellee,

v.

Juan Luciano ROYBAL, Defendant-Appellant.

No. 8051.

Supreme Court of New Mexico.

May 31, 1966.

Bertrand B. Prince, Elaine F. Hatch, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

Appellant, Juan Luciano Roybal, was tried and convicted in the district court of Santa Fe County upon an information charging him with unlawfully breaking and entering into Kimbell's Warehouse, without the owner's authority and with intent to commit theft therein. He has appealed from the judgment and sentence imposed by the court.

■ Four points are relied upon for reversal. It is first urged that appellant was denied a trial by jury upon the issue of his present sanity although the evidence before the trial court required such submission. It is a generally accepted rule that no person shall be called upon to stand trial or be sentenced who because of mental illness is incapable of understanding the nature and object of the proceedings, or of comprehending his own condition in reference thereto, or of making a rational defense. State v. Upton, 60 N.M. 205, 290 P.2d 440; State v. Folk, 56 N.M. 583, 247 P.2d 165; In re Smith, 25 N.M. 48, 176 P. 819, 3 A.L.R. 83.

■ Our statute, § 41–13–3, N.M.S.A. 1953, as interpreted in Territory v. Kennedy, 15 N.M. 556, 110 P. 854, and likewise in State v. Folk, supra, and State v. Upton, supra, prohibits trial of an accused while insane and provides a method for judicial determination of the issue of insanity. In State v. Upton, supra, we outlined the rights of an accused claiming insanity at the time of trial, as follows:

"1.) No particular method of bringing the question of defendant's present sanity to the attention of the trial court is required. 2.) Once the issue has been raised the trial court is under a duty to inquire into the matter. 3.) The trial court must rule as to whether a reasonable doubt exists as to the sanity of the accused. 4.) If the trial court rules affirmatively the issue must be submitted to the jury for determination."

The question of defendant's sanity was first brought to the attention of the court by his counsel's motion, filed April 20, 1965, suggesting the inability of the defendant to assist in the preparation of his defense and requesting a psychiatric examination. A written report was furnished by Doctor Rudolph Kieve, giving the result of two examinations of defendant made by him in 1962, as well as of an examination made April 22, 1965, concluding that Roybal was not insane and that he was able to aid and assist his attorney in the preparation of his defense.

The trial set for June 1, 1965 was continued to August 17, 1965 by reason of the

death of defendant's sister on May 29. Counsel's request to withdraw because he had been unable to obtain the defendant's assistance in preparation of his defense was denied. No further suggestion of the issue of sanity was made either before or during the trial of the case. The trial court did not submit the sanity issue to the jury, thus, in effect, ruling that no reasonable doubt existed as to the accused's sanity. Based upon that ruling, the court was under no duty to submit the issue to the jury. State v. Upton, supra.

■■ The court is clearly vested with discretion in the matter of whether to submit the issue of an accused's sanity to the jury. Sec. 41-13-3, N.M.S.A. 1953; and State v. Folk, supra, where it was said:

"* * *' It is his (the court's) province to rule whether or not a reasonable doubt can be said to exist as to the sanity of an accused, and this determination will not be lightly overturned. All the authorities recognize the issue must be raised in good faith and supported by a showing sufficient to create a reasonable doubt as to the sanity of an accused." (Parenthetical insertion by the court.)

Our examination of the record convinces us that there was no abuse of the court's discretion in not submitting the issue to the jury.

■ We find no merit to the claimed error in denying defendant's motion for a directed verdict of not guilty at the close of the State's case. It is true there were no eyewitnesses to the actual breaking and entering or burglary, and it is firmly established that where circumstances alone are relied upon, they must point unerringly to the defendant and be incompatible with and exclude every reasonable hypothesis except his guilt. State v. Flores, 75 N.M. 134, 412 P.2d 560; State v. Easterwood, 68 N.M. 464, 362 P.2d 997. However, we think the circumstantial evidence in this case meets that test. Two quart cans of Prestone found in defendant's automobile were identified through numbers as identical with two quart cans taken from a broken case in the warehouse. In addition, a hacksaw found in the automobile was identified as one the defendant had borrowed. Orange paint on its blade matched in color and type paint found on a chain at the Kimbell Warehouse gate which had been sawed to gain entrance. Both the front and rear license plates on defendant's car at the time of his arrest were covered with cardboard, and a third person was seen to jump from defendant's car and run away as the police car approached.

■ Viewing the evidence in its most favorable aspect in support of the verdict, as we must, State v. Romero, 67 N.M. 82, 352 P.2d 781, we conclude it substantially supports the jury's verdict.

The four instructions, now complained of, cannot be reviewed on appeal because the defendant neither called the trial court's attention to the specific vice complained of in the instructions given, nor tendered correct instructions. State v. Compton, 57 N.M. 227, 257 P.2d 915. The defendant urges us to apply the doctrine of fundamental error and consider whether the defendant's fundamental rights have been violated. State v. Garcia, 19 N.M. 414, 143 P. 1012. While fundamental error has its place in our jurisprudence, we find none of the conditions present in this case which give rise to the exercise of the court's inherent power to correct a miscarriage of justice as in State v. Garcia, supra.

Finally, defendant argues that even though none of the matters argued constitute prejudicial error requiring reversal, their cumulative effect deprived the defendant of a fair trial, thus denying him due process of law. We cannot agree. We have held the other claimed errors to be without merit and conclude that the record fails to disclose a denial of a fair trial. Compare Nelson v. Cox, 66 N.M. 397, 349 P.2d 118.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

CARMODY C. J., and NOBLE J., concur.