541 P.2d 631
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Gene J. CHAVEZ, Defendant-Appellant.**
**No. 1951.**

Court of Appeals of New Mexico.
Sept. 30, 1975.

Kimball R. Udall, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions for kidnapping and rape. The appellate issues are concerned with defendant's competency. Defendant contends (1) he lacked the mental competency to make a statement or consent to search, and (2) the trial court erred in determining that he was competent to stand trial.

*Competency to Make a Statement and Consent to Search*

After an evidentiary hearing, at which the evidence was conflicting, the trial court denied the motions to suppress defendant's statements and his consent to search. The statement and the gun obtained on the basis of the consent to search were admitted as evidence at the trial. The trial court instructed the jury in connection with the voluntariness of the statement. The issue under this point involves the evidentiary standard applied by the trial court in denying the motions to suppress. That standard was stated in *State v. Sisneros*, 79 N. M. 600, 446 P.2d 875 (1968). See also, *State v. Lujan*, 87 N.M. 400, 534 P.2d 1112 (1975).

[1] The standard follows. For defendant to make a valid statement the defendant must have had sufficient mental capacity at the time he made the statement, to be conscious of the physical acts performed by him, to retain them in his memory, and to state them with reasonable accuracy.

■ There is evidence which met this standard. The trial court did not err in refusing to suppress the statement and the consent to search.

*Trial Court's Determination That Defendant Was Competent to Stand Trial*

This issue involves the procedure for determining a defendant's competency to stand trial.

A statute enacted in 1855–56 provided the procedure for determining competency of a defendant to stand trial. This procedure remained substantially unchanged from the time of its enactment until it was repealed by Laws 1967, ch. 231, § 1. See Laws 1855–56, page 106; Compiled Laws 1897, § 1929; Code 1915, § 4448; § 41–13–3, N.M.S.A.1953 (Orig. Vol. 6).

We do not quote the statute because the required procedure under this statute is stated in court opinions.

*Territory v. Kennedy*, 15 N.M. 556, 110 P. 854 (1910) points out that at common

law the trial court could, in its discretion, determine the question of competency itself or submit the question to the jury. The opinion states that the procedure to be followed would have to conform to New Mexico's statute.

*State v. Folk*, 56 N.M. 583, 247 P.2d 165 (1952) states:

"No particular mode or manner of procedure must be followed in raising the issue of the insanity of a defendant existing at the time of arraignment, trial, judgment or execution, so long as there is a sufficient showing to create a reasonable doubt as to the sanity of the accused; and upon the issue being raised the accused is by right under our statute . . . entitled to have the jury pass upon it."

*State v. Upton*, 60 N.M. 205, 290 P.2d 440 (1955) followed *State v. Folk*, supra. In doing so, *Upton* states that the trial court is to rule whether a reasonable doubt exists as to the accused's sanity and if the trial court rules affirmatively "the issue must be submitted to the jury for determination."

*State v. Roybal*, 76 N.M. 337, 414 P.2d 850 (1966) points out that the trial court had some discretion in the matter; that the trial court must rule whether reasonable doubt exists, and this determination will not be lightly overturned.

The above cases outlined the procedure to be followed in determining whether a defendant was competent to stand trial. This procedure was based on the 1855–56 statute. As previously pointed out, this statute was repealed in 1967. As a part of the 1967 statute, § 41–13–3.1, N.M.S.A. 1953 (2d Repl. Vol. 6) was enacted. That statute provides that the question of mental competency to stand trial is to be determined by the court without a jury. Rule of Criminal Procedure 35(b) also provides that the question is to be determined by the court without a jury.

Defendant contends that § 41–13–3.1, supra, and R.C.P. 35(b) are unconstitutional to the extent that they deprive a defendant of a jury determination as to his competency to stand trial. We agree.

We are not concerned here with federal constitutional requirements. See *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L. E.2d 815 (1966). Our concern is with N.M.Const., Art. II, § 12. It states: "The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate."

*State v. Greenwood*, 63 N.M. 156, 315 P.2d 223 (1957) states that the right to jury trial as it has heretofore existed "refers to the right to jury trial as it existed in the Territory of New Mexico at the time immediately preceding the adoption of the Constitution." *Greenwood*, supra, also states:

"Clearly, the Constitution continues the right to jury trial in that class of cases in which it existed either at common law *or by statute* at the time of adoption of the Constitution . . . and in that class of cases where the right to a trial by jury existed prior to the Constitution, it cannot be denied by the legislature." (Emphasis in original).

The Supreme Court has power to regulate pleading, practice and procedure. *State v. Roy*, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1 (1936); Compare, *Sitta v. Zinn*, 77 N.M. 146, 420 P.2d 131 (1966). This power may be applied to regulate the procedure to be followed in securing the right to a jury trial. *Carlile v. Continental Oil Company*, 81 N.M. 484, 468 P.2d 885 (Ct. App.1970). This power may not, however, be used to prohibit entirely the right to jury trial which, under our Constitution, is to remain inviolate. R.C.P. 35(b) does more than regulate the procedure for securing a jury trial; R.C.P. 35(b) would eliminate that right. *State v. Lujan*, supra, is not to the contrary—*Lujan* states that

**454**

R.C.P. 35(b) is the proper procedure, but the constitutional right to a jury trial was not an issue in that case.

To the extent that § 41–13–3.1, supra, and R.C.P. 35(b) eliminate the right to a jury determination on the question of mental capacity to stand trial, they violate Art. II, § 12, and are void. In so holding, we have not overlooked *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). *Alexander,* supra, does not prevent us from reaching this decision because here we are applying decisions of the Supreme Court.

■ *State v. Folk,* supra, and *State v. Upton,* supra, state the procedure to be followed when the question of mental competency to stand trial is raised. In this case defendant moved for a jury trial on the question of his competency. After an evidentiary hearing, the trial court ruled defendant competent to stand trial pursuant to R.C.P. 35(b). That ruling was in error. The trial court should have determined whether there was reasonable doubt as to defendant's competency, and if the trial court ruled there was reasonable doubt, the issue was for the jury to decide.

The evidence as to defendant's mental competency to stand trial was severely conflicting. Because of this conflict, we cannot say that in ruling that defendant was competent to stand trial, the trial court in effect ruled that there was no reasonable doubt. Compare *State v. Roybal,* supra. Accordingly, we do not review the evidence.

In following R.C.P. 35(b), the trial court denied defendant the right to a jury determination of his competency to stand trial once reasonable doubt as to defendant's competency was shown to exist. Oral argument is unnecessary. The judgment and sentence are reversed. The cause is remanded for a new trial. The determination of mental competency to stand trial shall be consistent with this opinion.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.