594 P.2d 336

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**David SENA, Defendant-Appellant.**

**No. 3806.**

Court of Appeals of New Mexico.

April 3, 1979.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of burglary. The issue to be discussed concerns defendant's competency to be tried and sentenced. Other issues listed in the docketing statement were abandoned because they were not briefed. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

We discuss: (1) the competency issues; (2) when the issues were raised; (3) the State's opposition to a hearing; and (4) the hearing to be held.

*The Competency Issues*

*State v. Roybal,* 76 N.M. 337, 414 P.2d 850 (1966) states:

[N]o person shall be called upon to stand trial or be sentenced who because of mental illness is incapable of understanding the nature and object of the proceedings, or of comprehending his own condition in reference thereto, or of making a rational defense.

The parties present the question of competency in terms of the competency of defendant to be tried. Competency to be sentenced may be, and in this case is, a

separate issue. *In re Smith,* 25 N.M. 48, 176 P. 819, 3 A.L.R. 83 (1918). Competency to be sentenced involves the question of whether

> the prisoner has not at the present time, from the defects of his faculties, sufficient intelligence to understand the nature of the proceedings against him, what he was tried for, the purpose of his punishment, the impending fate which awaits him, a sufficient understanding to know any fact which might exist which would make his punishment unjust or unlawful, and the intelligence requisite to convey such information to his attorneys or the court * * *.

*In re Smith,* supra.

*When the Issues of Competency Were Raised*

Prior to trial, defendant moved for an examination "for the purpose of determining his mental competency to stand trial . . . ." The ground asserted, by counsel, was that counsel had reason to doubt the competency of defendant to aid him in defending the case. Neither the request for an examination nor counsel's doubt as to defendant's competency raised a question as to defendant's competency to stand trial. There was no showing as to counsel's reasons for his doubt. *State v. Hovey,* 80 N.M. 373, 456 P.2d 206 (Ct.App.1969); see *State v. Hollowell,* 80 N.M. 756, 461 P.2d 238 (Ct.App.1969). In addition, this motion was withdrawn prior to trial. Compare *State v. Madrigal,* 85 N.M. 496, 513 P.2d 1278 (Ct. App.1973).

Prior to trial, defendant executed an affidavit concerning his election to enter a guilty plea. Upon questioning by the trial court concerning this affidavit, defendant informed the trial court that he wished to plead not guilty. Defendant's wish was granted; he was tried and convicted by a jury. Defendant asserts that his "confusion" concerning a guilty plea raised an issue as to his competency to stand trial. We disagree; the transcript of these proceedings may show confusion as to the appropriate plea, but it does not show defendant incapable of understanding the nature and object of the proceedings.

No issue as to competency to stand trial was raised prior to trial. We have not been provided a transcript of the trial; thus, there is nothing indicating the question of defendant's competency was raised during the trial.

After the verdict of guilty was returned, counsel for both parties, and the trial court, agreed that a diagnostic evaluation would be appropriate. Defendant seems to argue that this raised an issue concerning defendant's competency. The argument is frivolous. Diagnostic evaluations are for the purpose of assisting the trial court in determining the appropriate disposition, considering both the interests of the public and the offender. Section 31–20–3(C), N.M.S.A.1978. No issue as to defendant's competency was raised by the fact that counsel and the court agreed there should be a diagnostic evaluation, or by the trial court's order for a diagnostic evaluation.

The diagnostic evaluation, at the penitentiary, recommended against a sentence to the penitentiary, but recommended that defendant be sentenced to a mental hospital for "proper custody and treatment." These recommendations were based on various items, including: 1) defendant was "unable to cooperate in the evaluation process"; 2) defendant's condition "makes him a threat to himself and others"; 3) two weeks into the diagnostic evaluation, defendant attempted suicide by cutting his arm with a razor; 4) during an interview, defendant banged his head into a wall and "stated that he did this in order to 'arrange his thoughts' "; 5) defendant "exhibited signs of organicity." The psychological report states:

> Testing indicates clear-cut, overt psychosis of the schizophrenic type. This means he is having delusions, memory difficulties and confused and bizarre thoughts or beliefs. Hallucinations, psychomotor retardation and withdrawal are probable with this individual.

The items in the preceding paragraph, taken from the diagnostic evaluation, all go

to defendant's condition at the time of the evaluation. The evaluation occurred within five weeks from the date defendant was tried. The evaluation also contained the following items: 1. "David has scars on arms and neck from other serious attempts he has made to take his life." 2. According to defendant, he blacked out frequently. 3. The signs of organicity exhibited were indications of "gross organicity". The time factor, together with all of the items in this and the preceding paragraph, go to defendant's condition at the time of trial.

■ The diagnostic evaluation raised questions concerning defendant's competency to be tried *and* defendant's competency to be sentenced.

Counsel, and the trial court, knew of the diagnostic evaluation at the time of sentencing. However, at the sentencing hearing, defendant did not seek a hearing on either of the competency issues. Defendant's counsel asked the trial court "to see that David is transferred to the Las Vegas Hospital for further treatment" or, in the alternative, to place defendant on probation. The trial court imposed sentence; its judgment recommended that defendant be transferred to the State Hospital at Las Vegas "for proper custody and treatment as may be necessary." We need not decide whether the trial court should have ordered a competency hearing on its own motion at this point.

After sentencing, defendant moved for a new trial. This motion asserted the diagnostic evaluation raised a reasonable doubt as to defendant's competency to stand trial and as to defendant's competency to understand the nature of the sentencing procedure. Defendant's appeal is from the denial of this motion. By the new trial motion, defendant presented issues as to defendant's competency. In light of the diagnostic evaluation, the trial court should have held a hearing on the competency issues. *State v. Guy,* 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

*The State's Opposition to a Hearing*

■ The new trial motion was based solely on the question of defendant's competency. Although no hearing was held on the competency question, the State contends that denial of the motion was proper.

The State contends the appeal should be decided on the basis of new trial concepts, that the standard for granting a new trial "should be the same no matter what grounds are alleged in the motion for a new trial." The State argues: (a) that evidence as to defendant's competency could have been discovered through the exercise of reasonable diligence and used by defendant at the trial, see *State v. Lucero,* 90 N.M. 342, 563 P.2d 605 (Ct.App.1977); (b) that defendant "had ample time and opportunity to bring the issue of his competency to stand trial before the court" but did not do so; (c) that there is nothing in the record indicating defendant was unable to participate in his defense; and (d) that defendant did not timely raise the competency issue. The State concludes that defendant "should not be permitted to complain through a motion for a new trial when by his own action or inaction the trial court was not presented with the question of his competency." The State relies on *State v. Young,* 91 N.M. 647, 579 P.2d 179 (Ct.App.1978), but that case deals with insanity at the time of committing the offense, and not with competency to be tried or sentenced.

The State's argument overlooks the basic concepts involved in this case. If defendant was not competent to stand trial, he should not have been tried. If defendant was not competent to be sentenced, he should not have been sentenced. If in fact defendant was incompetent, it is contradictory to argue that defendant, in effect, waived the competency issue by inaction or late action. *State v. Guy,* supra. Whether defendant was incompetent to be tried has not been determined. Whether defendant was incompetent to be sentenced has not been determined. What defendant seeks is a hearing on these issues.

Rule of Crim.Proc. 35(b) as worded, both prior to and subsequent to its 1978 amend-

ment, permits the "question" or "issue" of competency to be raised "at any stage of the proceedings." There must, of course, be a sufficient basis for the "question", see *State v. Hovey,* supra, but once there is such a basis the question can be raised at "any stage". In *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977) the question was raised by pretrial motion. In *Territory v. Kennedy,* 15 N.M. 556, 110 P. 854 (1910) the question was raised during the trial. *In re Smith,* supra, considered the question in relation to the propriety of carrying out the sentence of hanging. The question was raised by post-conviction motion in *State v. Guy,* supra.

Why may the question be raised at any stage? Because the conviction of an incompetent, or the sentencing of an incompetent, violates due process of law. *State v. Guy,* supra.

*The Hearing to be Held*

■ Defendant is to be accorded a hearing on his competency to stand trial, and if competent to be tried, then on his competency to be sentenced. At the hearing, defendant has the burden of persuasion, by a preponderance of the evidence, that he was incompetent. *State v. Lopez,* 91 N.M. 779, 581 P.2d 872 (1978).

■ A question not completely answered by prior decisions is, who must the defendant persuade, a judge or jury, when the issue of competency is raised after the trial?

No statute provides for a jury trial on the question of competency to be sentenced. No court rule provides for a jury trial on the question of competency to be sentenced. Rule of Crim.Proc. 35(b), both before and after its 1978 amendment, goes only to competency to stand trial. *In re Smith,* supra, is to the effect that defendant is not entitled to a jury trial on the question of competency to be sentenced.

No current statute provides for a jury trial on the question of competency to be tried. The applicable rule is Rule of Crim. Proc. 35(b) prior to its amendment in 1978. That rule provided that the "court, without

a jury" should decide the issue. This provision was held unconstitutional in *State v. Chavez,* 88 N.M. 451, 541 P.2d 631 (Ct.App. 1975). Our ruling was on a limited basis. The right to a jury trial, as it existed at the time of adoption of the Constitution, is secured by N.M.Const., art. II, § 12. A statute, enacted in 1855–56, and in effect when the Constitution was adopted, provided for a jury trial in certain situations. *State v. Chavez,* supra, held that under the statute, the right to a jury trial existed. Support for this result, found in *State v. Folk,* 56 N.M. 583, 247 P.2d 165 (1952), is quoted in *State v. Chavez,* supra.

*State v. Noble,* supra, explained the evidence required before the question of competency to stand trial was to be decided by the jury. Both *State v. Chavez,* supra, and *State v. Noble,* supra, discussed the right to have a jury decide competency to stand trial when the issue was raised by pretrial motion. See also *State v. Upton,* 60 N.M. 205, 290 P.2d 440 (1955). We have found no New Mexico decision holding there is a right to a jury trial when the issue of competency to stand trial is first raised after the trial. General language in *State v. Folk,* supra, supports such a view, but the question of competency to stand trial was raised during Folk's trial. Thus, the decision in *State v. Folk,* supra, is that there was a factual issue as to Folk's competency to stand trial which should have been submitted to the trial jury.

*Territory v. Kennedy,* supra, and *State v. Folk,* supra, point out that the right to a jury trial on the question of competency to stand trial depended on the 1855–56 statute, which is quoted in *State v. Folk,* supra. The statute is not a model of clarity. *State v. Noble,* supra, and *State v. Chavez,* supra, were of the view that a right to a jury trial existed on the issue of competency to stand trial, if by pretrial motion, there was reasonable doubt as to the defendant's competency to stand trial. Rule of Crim.Proc. 35(b)(2)(i), as amended in 1978, takes a more restricted view. That rule permits the competency to stand trial issue, when presented by pretrial motion, to be decided by the

trial court or, in the trial court's discretion, by a jury. We cannot reconcile the amended rule with *State v. Noble,* supra, and *State v. Chavez,* supra. We recognize, however, that the 1855–56 statute is ambiguous, requiring interpretation, and that language in *Territory v. Kennedy,* supra, supports the approach taken in the amended rule. See also language in connection with the motion for rehearing in *State v. Upton,* supra.

Although amended Rule of Crim.Proc. 35(b)(2)(i) is not applicable in this case, the approach taken by the rule indicates a restrictive approach to the right to a jury trial on the issue of competency to stand trial when the issue is presented for decision prior to trial. Such an approach is consistent with *In re Smith,* supra, which indicated there was no right to a jury trial on the issue of competency to be sentenced. Consistent with these views, we hold there is no right to a jury trial on the issue of competency to stand trial when that issue is first raised, as in this case, at the sentencing hearing.

The cause is remanded to the trial court for a hearing on the question of defendant's competency to stand trial and the question of defendant's competency to be sentenced. Both issues are to be decided by the trial court, without a jury. If defendant is found to have been incompetent to stand trial, the conviction and the sentence are to be vacated. If defendant is found to have been competent to stand trial, but incompetent to be sentenced, the conviction is to remain in effect, but the sentence is to be vacated. If defendant is found to have been competent on both issues, the judgment and sentence remain in effect.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.