619 P.2d 1249

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Bernardo BACA, Defendant–Appellant.**

**No. 4497.**

Court of Appeals of New Mexico.

Aug. 26, 1980.

Writ of Certiorari Denied Oct. 6, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

WALTERS, Judge.

█ The defendant concedes, in his appeal from the trial court's finding of competency, that the quantum of proof required in redetermining competency is "preponderance of the evidence." We agree. *State v. Santillanes*, 91 N.M. 721, 580 P.2d 489 (Ct. App.1978). The only question raised is whether that determination is to be made by a jury, if requested, or by the trial court.

Defendant pled guilty to three felony charges in November 1976 and received suspended sentences. His probation was revoked in 1977 for his violation of its terms, and he was committed to the state penitentiary under the 1976 convictions.

In 1979 the United States District Court ordered that a hearing be held in state court on the issue of defendant's competency at the time the guilty pleas were entered by him on November 3, 1976. It is undisputed that defendant had been adjudged incompetent in 1974 and again on April 8, 1976. Between those dates and November 3, 1976, when he pled guilty to the charges

in state court, there had been no adjudication of defendant's competency.

After a full hearing in accordance with the federal court's decision, in January 1980, the trial court entered an order in which it made findings regarding the defendant's history and adjudication of incompetency, and the following conclusions:

1. That the prior finding of incompetency on April 8, 1976 in Criminal Cause No. 25129 created a rebuttable presumption of incompetency in the above–numbered causes.

2. That the State had the burden of proving the Defendant's competency to enter guilty pleas in the above–numbered causes on November 3, 1976 by a preponderance of the evidence.

3. The State has proved by a preponderance of the evidence but not by clear and convincing evidence nor by evidence beyond a reasonable doubt, that the Defendant was competent to enter pleas of guilty to the charges in the above–numbered causes.

WHEREFORE, IT IS HEREBY ORDERED that the above–named defendant be, and hereby is, declared to have been competent to stand trial and enter pleas of guilty in the above–numbered causes on November 3, 1976.

Defendant contends that *Santillanes, supra,* and *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977), as well as *State v. Chavez,* 88 N.M. 451, 541 P.2d 631 (Ct.App.1975), all require submission of the question of competency to the jury if the trial court determines there is a reasonable doubt of defendant's competency. Defendant is correct in so reading those cases, but they were limited to a consideration of the question when the claim of incompetency had been raised prior to trial.

N.M.R.Crim.P. 35(b), N.M.S.A. 1978, does not address the right to a determination of competency by a jury except when it is raised prior to or during trial. Even so, subsection (b)(2)(i) provides that the issue "shall be determined by the judge, unless the judge finds there is evidence which raises a reasonable doubt as to the defend-

ant's competency to stand trial," and then (b)(2)(i) permits the judge, if reasonable doubt exists, to determine the issue of competency himself *or*, in his discretion, to submit it to a jury. Subsection (b)(2)(ii) requires the jury to determine the matter if it is raised *during* trial.

The entitlement to a jury trial was discussed in *State v. Sena*, 92 N.M. 676, 594 P.2d 336 (Ct.App.1979). Counsel for defendant urges that *Sena* is not applicable because it dealt with N.M.R.Crim.P. 35(b) prior to its amendment in 1978, whereas this case is concerned with the amended rule. That, too, is true; but *Sena* commented on the rule as amended and noted that its "restrictive approach to the right to a jury trial . . . when the issue is presented for decision *prior to trial* . . . is consistent with *In re Smith*, [25 N.M. 48, 176 P.2d 819 (1918)], supra, which indicated there was no right to a jury trial on the issue of competency to be sentenced." [Emphasis added] 92 N.M. at 680, 594 P.2d at 340.

*Sena* then decided that when competency is first raised at the sentencing hearing, the defendant is not entitled to a jury determination on the issue.

The provision of subsection (b)(2)(i) of Rule 35 may not be reconcilable with *State v. Chavez*, 88 N.M. 451, 541 P.2d 631 (Ct. App.1975), as Chief Judge Wood noted in *Sena*, at 680, 340, but we are not deciding here who should determine the question of competency when raised prior to trial.

Instead, we believe *Sena* points to the required decision in this case that there is no right to a jury trial on the issue of defendant's competency when the matter is first raised at any time after trial. Since this question was presented for the first time long after trial and commitment, defendant had no right to have it decided by a jury.

The trial court, despite its non—persuasion beyond a reasonable doubt, was satisfied by a preponderance of the evidence of defendant's competency. That was all the proof that was necessary. *State v. Sena, supra; State v. Santillanes, supra.*

The order of the trial court is affirmed.

LOPEZ and ANDREWS, JJ., concur.