634 P.2d 676

STATE of New Mexico,
Plaintiff-Appellee,
v.
Eugene NELSON, Defendant-Appellant.
No. 13386.

Supreme Court of New Mexico.

Sept. 30, 1981.

Martha A. Daly, Appellate Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

Nelson appeals from an habitual offender proceeding which identified him as having prior felony convictions and which imposed two concurrent life sentences upon his underlying two-count felony conviction. On the first day of the proceeding, a hearing was held on Nelson's competency. Written and oral expert opinions were presented. The evidence conflicted as to his competency, but the most recent evidence, presented orally, characterized Nelson as incompetent. The court determined that Nelson was competent for purposes of the proceeding. Nelson unsuccessfully sought a jury determination of the issue under Rule 35(b) New Mexico Rules of Criminal Procedure, N.M.S.A. 1978 (Repl. Pamp. 1980), claiming that a reasonable doubt had been raised. He also objected to the introduction of certain evidence. These alleged errors are the basis for this appeal.

## I.

This case requires us to carefully examine certain aspects of the habitual offender proceeding, Sections 31–18–17 through 31–18–20, N.M.S.A. 1978 (Repl. Pamp. 1981). Specifically, we must examine the applicability to such proceedings of Rule 35(b), which sets forth the procedure for raising and determining competency, and related case law.

The habitual offender procedure was established as a means of determining whether a person convicted of a noncapital felony has incurred one or more prior felony convictions arising out of a separate transaction or occurrence. If found guilty, the sentence imposed for the immediate conviction is increased by a specified term, depending upon the number of prior convictions. § 31–18–17, N.M.S.A. 1978 (Repl. Pamp. 1981). Once charged as an habitual

offender, the defendant must respond by stating whether he is the same person as charged in the information. If he denies the charge or refuses to answer, a jury is empaneled to inquire whether the offender is the same person. If the jury so finds, the increased sentence is mandatory. § 31–18–20.

The habitual offender statute has been held to be constitutional. *State v. James,* 85 N.M. 230, 511 P.2d 556 (Ct.App.), *cert. denied,* 85 N.M. 228, 511 P.2d 554 (1973). The statute does not create a new offense but merely provides a proceeding for enhancing sentences. However, the charge is serious and the potential for prejudice against unrepresented defendants is so great that a right to counsel has been recognized. *Johnson v. Cox,* 72 N.M. 55, 380 P.2d 199, *cert. denied,* 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed.2d 82 (1963). We have held that the habitual offender proceeding is a sentencing procedure and not a trial of an offense. *State v. James,* 94 N.M. 604, 614 P.2d 16 (1980). Yet the proceeding possesses several characteristics of a trial (right to counsel, right to jury, rules of evidence, etc.). The statute itself refers to the defendant's "right to be *tried* as to the truth" of the allegations of the information. § 31–18–20(A)(2) (emphasis added).

A defendant's right to have his competency determined by a jury rather than by the court depends on the nature of the proceeding. Before making a final determination as to the nature of the habitual offender proceeding, however, it is necessary to examine and perhaps clarify the law as to the determination of competency.

We begin by quoting Rule 35(b)(2), which applies only to competency to stand trial.

(2) *Determination.* The issue of the defendant's competency to stand trial shall be determined by the judge, unless the judge finds there is evidence which raises a reasonable doubt as the [to] the defendant's competency to stand trial.

(i) If a reasonable doubt as to the defendant's competency to stand trail [sic] is raised prior to trial, the court, without a jury, may determine the issue of compe-

tency to stand trial; or, in its discretion, may submit the issue of competency to stand trial to a jury, other than the trial jury.

(ii) If the issue of the defendant's competency to stand trial is raised during trial, the trial jury shall be instructed on the issue. If, however, the defendant has been previously found by a jury to be competent to stand trial, the issue of the defendant's competency to stand trial shall be submitted to the trial jury only if the court finds that there is evidence which was not previously submitted to a jury which raises a reasonable doubt as to the defendant's competency to stand trial.

■■ It is clear that any right to a jury determination arises only upon establishment of a reasonable doubt as to the defendant's competency to stand trial. If the doubt is raised before trial, there is no right to a jury determination, although the judge may, in his discretion, permit a jury other than the trial jury to determine competency. If the issue is raised during the trial, the defendant has the right to have the trial jury determine the issue (unless a previous jury found him competent). When the issue is raised after the trial, there is no right to a jury determination. *State v. Sena*, 92 N.M. 676, 594 P.2d 336 (Ct.App. 1979).

The defendant here asserts that this scheme is irreconcilable with case law, specifically with *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). Judge Wood discussed this problem in *Sena, supra*, at 679–680, 594 P.2d 336:

Territory v. Kennedy [15 N.M. 556, 110 P. 854 (1910)], and State v. Folk, [56 N.M. 583, 247 P.2d 165 (1952)], point out that the right to a jury trial on the question of competency to stand trial depended on the 1855–56 statute [Laws 1855–56, page 106; codified at § 41–13–3, N.M.S.A.1953 (Repl. Vol. 1964), repealed by 1967 N.M. Laws, ch. 231, § 1], which is quoted in State v. Folk, [supra]. The statute is not a model of clarity. State v. Noble [supra] and State v. Chavez [88 N.M. 451, 541 P.2d 631 (Ct.App.1975)], were of the view

that a right to a jury trial existed on the issue of competency to stand trial, if by pretrial motion, there was reasonable doubt as to the defendant's competency to stand trial. Rule of Crim.Proc. 35(b)(2)(i), as amended in 1978, takes a more restricted view. That rule permits the competency to stand trial issue, when presented by pretrial motion, to be decided by the trial court or, in the trial court's discretion, by a jury. We cannot reconcile the amended rule with State v. Noble, [supra] and State v. Chavez, [supra]. We recognize, however, that the 1855–56 statute is ambiguous, requiring interpretation, and that language in Territory v. Kennedy [supra], supports the approach taken in the amended rule. [See 15 N.M. at 559, 110 P. at 855.] See also language in connection with the motion for rehearing in State v. Upton [60 N.M. 205, 290 P.2d 440 (1955)].

Although amended Rule of Crim. Proc. 35(b)(2)(i) is not applicable in this case, the approach taken by the rule indicates a restrictive approach to the right to a jury trial on the issue of competency to stand trial when the issue is presented for decision prior to trial. Such an approach is consistent with In re Smith, [25 N.M. 48, 176 P. 819 (1918)], which indicated there was no right to a jury trial on the issue of competency to be sentenced. Consistent with these views, we hold there is no right to a jury trial on the issue of competency to stand trial when that issue is first raised, as in this case, at the sentencing hearing.

The common law rule has been stated as follows:

If the court, at any of these stages, has a reasonable doubt whether the defendant is so mentally disordered, it should suspend the criminal proceedings and hold an inquiry on the matter, with or without a jury. * * *

H. Weihofen, Insanity As a Defense In Criminal Law 333 (1933), quoted in *State v. Folk, supra*, 56 N.M. at 591, 247 P.2d at 170.

■ This common law rule applies in New Mexico, subject to the modification required by the 1855–56 statute which was

in effect at the time our Constitution was adopted. After carefully reviewing the cases, and in light of Rule 35(b), we hold that a restrictive approach is appropriate. Accordingly, the right to have a jury determination of competency attaches only where competency to stand trial is at issue and when a reasonable doubt is raised after the trial has begun but before it has ended. In all other instances, the judge has discretion to make the determination himself or to submit the issue to a non-trial jury.

■ In the present case, the competency hearing was initiated on the first day of the habitual offender proceeding. The State correctly points out that Rule 35(b) refers only to competency to be tried. Questions as to sentencing competency are always decided by a court alone regardless of when the question is raised. *In re Smith, supra; State v. Sena, supra.* We must therefore determine whether this proceeding is a "trial" in the constitutional sense.

We begin by noting that the habitual offender proceeding did not exist at the time of the adoption of our Constitution. It is purely a statutory proceeding. Since the legislature did not specify the manner in which competency should be determined in this proceeding, we are reluctant to enlarge the reach of the proceeding by requiring a jury determination unless the Constitution compels such a result. We have indicated that the constitutional right to a jury determination of trial competency should be limited to the specific right recognized in Rule 35. We recognize that the habitual offender proceeding has many of the characteristics of a "trial." However, its purpose is limited to very narrow issues. It does not involve a determination of guilt of any offense, but only the limited questions posed in the statute.

■ Considering all of these characteristics, we conclude that the habitual offender proceeding is not a trial in the constitutional sense for purposes of making a determination as to competency. Rule 35(b) does not apply to such proceedings.

The defendant was not entitled to have the question of competency determined by a jury.

■ Much of the defendant's brief discusses the evidence presented to the court below as to the defendant's competency. The defendant cites *State v. Lopez,* 91 N.M. 779, 581 P.2d 872 (1978), for the proposition that a defendant need only show incompetency by a preponderance of the evidence. *Lopez,* however, does not apply here. Under *Lopez,* if at trial the defendant shows incompetency by a preponderance of the evidence, its effect is merely to require that the question of competency be submitted to the jury. Where there is no right of jury determination of competency, as here, the proper standard of review of the judge's determination is whether it is supported by substantial evidence. *Id.* The evidence presented to the court was conflicting, and we cannot hold as a matter of law that the trial judge abused his discretion in finding that the defendant was competent. Accordingly, we affirm.

II.

■ The defendant argues that it was prejudicial for the court to admit in evidence documents relating to five informations, related to one prior conviction, but which had been nolle prosequied. He asserts that this evidence was irrelevant and could have confused and prejudiced the jury. The State responds that these five charges were an integral part of the resulting conviction because they showed why the defendant pleaded guilty to a lesser included charge. In addition, other evidence referring to these charges was not challenged by the defendant.

We are not persuaded that the State needed to introduce this evidence to prove identity and fact of prior conviction. At the same time, we do not see any possible harm to the defendant. The jury's participation in these proceedings is quite narrow and introduction of these charges could not have biased the jury's limited fact-finding duty.

Judgment is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.