**Certiorari Denied, June 25, 2010, No. 32,420**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-067**

**Filing Date:  April 27, 2010**

**Docket No. 28,995**

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**

**DANIEL MONTOYA,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

### OPINION

**VANZI, Judge.**

**{1}**     Defendant Daniel Montoya was convicted in a jury trial of the unlawful taking of a motor vehicle and sentenced to three years unsupervised probation.  Defendant appeals his conviction and sentencing, asserting that at the time of the proceedings, he was not competent to stand trial.

**{2}** In this case, defense counsel attempted to raise the issue of Defendant's competency before, during, and after trial; however, the district judge refused to allow counsel to raise the issue until after Defendant had been convicted of the charges against him. After trial, but prior to sentencing, the district court found Defendant to be incompetent; nevertheless, the court proceeded with sentencing. Defendant argues on appeal that the district court erred when it failed to permit defense counsel to raise the issue of Defendant's competency to stand trial until after Defendant had been convicted in the proceedings. Defendant also argues that the district court further erred when it proceeded with sentencing after declaring Defendant to be incompetent. We hold that the district court erred, and we vacate Defendant's conviction and sentence.

## BACKGROUND

**{3}** The facts of the underlying charges against Defendant are not material to this appeal. The issues raised by Defendant are solely concerned with the district court's handling of matters relating to Defendant's competency to stand trial. Accordingly, we limit our discussion to a review of the facts relating to those questions.

**{4}** Defense counsel first raised the issue of competency at Defendant's preliminary hearing in magistrate court. In response, the magistrate court transferred the matter to district court, which ordered a competency evaluation of Defendant. After receiving the results of the evaluation, defense counsel was satisfied that Defendant was competent to stand trial and moved to dismiss the competency proceedings. Based on Defendant's motion, the district court issued an order finding Defendant competent to stand trial. Defendant then waived his right to a preliminary hearing, and the case proceeded to trial in district court.

**{5}** Defense counsel again raised the issue of Defendant's competency on the day of trial, off the record, prior to the start of the trial. The judge took no action on the issue and proceeded to trial. During the trial, Defendant made audible noises in the courtroom, apparently talking under his breath to someone who was not present. The noises made by Defendant were sufficiently disruptive to the proceedings that the judge excused the jury and addressed Defendant directly, stating:

> Mr. Montoya, I'm not going to let you disrupt this trial. You have a right to be here, ok? You have a right to be here and you have a right to be present at your trial. If you are going to disrupt the trial, I'm going to take you out and you're not going to be here. It's . . . [in] your best interest to not disrupt the trial because the jury is watching everything you're doing and you're making an ass out of yourself, ok? Simple as that. . . . So you can choose, but the next time you do it, you're gone.

**{6}** Immediately following the judge's statements, defense counsel again attempted to raise the issue of Defendant's competency to stand trial. The judge refused to allow defense

counsel to raise the issue. The following is a transcription of the exchange between defense counsel and the judge:

> Defense counsel: Judge, I need to raise competency at this point—
>
> Judge (loudly): Oh gimmie—I don't want to hear that crap. You know he's competent enough to steal two cars in one day, but he's not competent enough to sit here and act like a human being in a trial. He's putting on a big show, and I'm not going to put up with it, just not going to. One more time, Mr. Montoya, and you're out. Any questions? Let's go.

The judge recalled the jury and proceeded with the trial. Defendant's behavior improved, but he continued to make noises periodically during the remainder of the trial.

{7}    At the close of trial, the case was submitted to the jury, which returned a verdict of guilty. After the jury had been excused, defense counsel again raised the issue of Defendant's competency to stand trial. At this point, the judge permitted defense counsel to more fully raise the issue, and after reviewing the court's case file and noting that competency had been raised during the initial preliminary hearing in magistrate court, the judge instructed defense counsel to file a written motion requesting a competency evaluation and a stay of the proceedings pending a determination of competency. Defense counsel filed the motion, and Defendant was evaluated for competency for the second time on October 5, 2007.

{8}    A hearing to consider the results of the evaluation and to determine Defendant's competency to stand trial was held on December 18, 2007. At that hearing, the State stipulated that Defendant was incompetent as of the date of the evaluation and agreed to dismiss the other, unrelated, outstanding charges against Defendant. Defense counsel requested that, based on Defendant's incompetency, the charges in the current case also be dismissed without prejudice until such time as Defendant may become competent. The court declined to dismiss the current charges but found Defendant to be incompetent as of the date of the second evaluation; however, rather than stay further proceedings, the court proceeded to sentence Defendant.

{9}    Defendant appeals his conviction and sentencing, asserting that at the time of the proceedings, there was reasonable doubt as to whether Defendant was competent to stand trial. Defendant argues on appeal that the district court erred when it failed to stay the proceedings pending a determination of Defendant's competency and that the court further erred by sentencing Defendant after the court had found him to be incompetent. We address each of Defendant's arguments below.

**DISCUSSION**

**Standard of Review**

3

**{10}** The parties disagree as to the appropriate standard of review to be applied in the current case. The State argues that competency to stand trial is a question of fact and is subject to an abuse of discretion standard of review. Defendant, on the other hand, argues that the district court's actions in the present case denied Defendant due process of law and are, therefore, subject to a de novo review. We agree with Defendant.

**{11}** The district court's determination of reasonable doubt and its ultimate determination of Defendant's incompetence are not in contention in this appeal. Rather, the questions raised by Defendant on appeal involve his right to raise the issue of competency and the proper process to be afforded him once that issue had been raised. These are matters of due process that we review de novo. "The failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *State v. Flores*, 2005-NMCA-135, ¶ 15, 138 N.M. 636, 124 P.3d 1175 (alteration omitted) (internal quotation marks and citation omitted). We review questions of constitutional law and constitutional rights, such as due process protections, de novo. *State v. DeGraff*, 2006-NMSC-011, ¶ 6, 139 N.M. 211, 131 P.3d 61.

**District Court Erred in Not Permitting Defendant to Raise Competency at Trial**

**{12}** Defendant argues that the district court erred when it refused to permit defense counsel to raise the issue of Defendant's competency prior to and during trial and that the court further erred when it failed to stay the proceedings pending a determination of that issue. We agree.

**{13}** "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Flores*, 2005-NMCA-135, ¶ 15 (internal quotation marks and citation omitted).

**{14}** In New Mexico, the law regarding a defendant's competency to stand trial is defined in NMSA 1978, Sections 31-9-1 through 31-9-4 (1967, as amended through 1999) and Rule 5-602 NMRA. Rule 5-602(B)(1) states that "[t]he issue of the defendant's competency to stand trial may be raised . . . at any stage of the proceedings." Section 31-9-1 states that "[w]henever it appears that there is a question as to the defendant's competency to proceed in a criminal case, any further proceeding in the cause shall be suspended until the issue is determined." Once an issue of competency to stand trial has been raised, the judge must determine whether there is "evidence which raises a reasonable doubt as to the defendant's competency to stand trial." Rule 5-602(B)(2). In deciding whether reasonable doubt as to a defendant's competency exists, the judge must weigh the available evidence and make a decision based on that evidence. *State v. Duarte*, 1996-NMCA-038, ¶ 13, 121 N.M. 553, 915 P.2d 309. A district court does not possess the discretion to ignore the issue once it has been raised. It was adequately raised in this case.

**{15}** Defense counsel clearly attempted to raise the issue of Defendant's competency before, during, and after Defendant's trial, and was clearly prohibited from doing so by the

4

district court. As discussed above, upon the first attempt by counsel to raise the issue, the district judge was required to stay the proceedings and determine whether there was sufficient evidence to raise a reasonable doubt as to Defendant's competency to stand trial.

**{16}** In this case, the district judge did not proceed as the law required; instead, the judge appears to have ignored defense counsel's pre-trial attempt to raise the issue. Similarly, when defense counsel attempted to raise the issue on the record during trial, the judge again refused to permit counsel to fully inform the court of her concerns, but rather cut counsel off mid-sentence stating "I don't want to hear that crap."

**{17}** The State argues that this outburst on the part of the district judge was actually a rejection of Defendant's mid-trial competency claim. The State further argues that the court did not err in rejecting Defendant's claim because Defendant had failed to establish a reasonable doubt as to his competency. The State cites a number of cases in which courts have rejected such claims under similar circumstances. We are not persuaded.

**{18}** In determining whether reasonable doubt exists as to a defendant's competency, the district court should consider "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). In all of the cases cited by the State, the trial courts properly followed this guidance. In each case, the court, at a minimum, paused the proceedings, permitted defense counsel to inform the court of counsel's concerns, reviewed the evidence, and made a determination on the record regarding whether reasonable doubt existed as to the defendant's competency. *State v. Lopez*, 91 N.M. 779, 779, 581 P.2d 872, 872 (1978); *State v. Rael*, 2008-NMCA-067, ¶ 3, 144 N.M. 170, 184 P.3d 1064; *Flores*, 2005-NMCA-135, ¶¶ 5-6; *State v. Montano*, 93 N.M. 436, 438, 601 P.2d 69, 71 (Ct. App. 1979). This is in stark contrast to the case before us, in which the district court refused to permit defense counsel to finish her sentence and immediately continued with the trial without consideration of any evidence regarding Defendant's competency.

**{19}** The first time that defense counsel attempted to raise the issue of Defendant's competency, the court had an obligation to listen to counsel's concerns, review the evidence, and make a determination as to whether reasonable doubt of Defendant's competency existed. The court did not, however, engage in such a process in connection with defense counsel's pre-trial and during-trial attempts to raise the issue. It was not until after the trial had been completed and a guilty verdict was rendered that the judge finally permitted defense counsel to fully apprise the court of her concerns.

**{20}** After hearing defense counsel's observations of Defendant's behavior and reviewing the documentation of Defendant's first competency evaluation, the court determined that there was, in fact, sufficient evidence to present a reasonable doubt as to whether Defendant had been competent to stand trial in the proceedings that had just concluded. Based on its determination, the court requested that defense counsel file a motion requesting a competency evaluation. We note that, even after determining that reasonable doubt existed as to Defendant's competency, the court did not stay further proceedings against Defendant but instead proceeded to file an "Entry of Verdict and Conviction" in the matter.

5

**{21}** We conclude that the court erred when it refused to permit defense counsel to raise the issue of Defendant's competency prior to or during trial. The court further erred in failing to stay the criminal proceedings against Defendant pending a determination of whether a reasonable doubt existed as to Defendant's competency to stand trial.

**District Court Erred in Sentencing an Incompetent Person**

**{22}** Defendant also argues, and the State agrees, that the district court erred when, after finding Defendant to be incompetent to proceed in the criminal case at bar, the court proceeded to sentence Defendant. We agree with both Defendant and the State that the district court erred.

**{23}** Once the district court had determined at the December 18, 2007, competency hearing that Defendant was not competent, the court was required to stay all further proceedings in the criminal case "until the defendant becomes competent to stand trial." Rule 5-602(B)(3)(a). As this Court stated in *State v. Sena*, 92 N.M. 676, 676, 594 P.2d 336, 336 (Ct. App. 1979), "[n]o person shall be called upon to stand trial or be sentenced who because of mental illness is incapable of understanding the nature and object of the proceedings, or of comprehending his own condition in reference thereto, or of making a rational defense." (Internal quotation marks and citation omitted.) "[T]he sentencing of an incompetent [defendant] violates due process of law." *Id.* at 679, 594 P.2d at 339.

**{24}** Based on this analysis, we conclude that the district court erred when it proceeded with sentencing after finding Defendant to be incompetent.

**CONCLUSION**

**{25}** For the reasons stated above, we vacate Defendant's conviction and sentence, and remand to the district court for proceedings consistent with this opinion.

**{26} IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**

6

**Topic Index for *State v. Montoya*, Docket No. 28,995**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-FE | Fundamental Error |
| AE-SR | Standard of Review |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-TV | Taking of Vehicle |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CS | Competency to Stand Trial |
| | |
| **JG** | **JUDGES** |
| JG-AD | Abuse of Discretion |