This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38940**

**CITY OF SANTA FE,**

      Plaintiff-Appellee,

v.

**JUAN N. ORTIZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. GLENN ELLINGTON, District Judge**

City of Santa Fe
Erin K. McSherry, City Attorney
Kyle Hibner, Assistant City Attorney
Santa Fe, NM

for Appellee

Clark, Jones & Pennington, LLC
Michael R. Jones
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    Defendant Juan Ortiz appeals his convictions. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**    The factual and procedural history relevant to this appeal was set out in our notice of proposed disposition, and we do not repeat it here and focus instead on the

arguments raised in Defendant's memorandum in opposition. Defendant continues to argue that the district court erred when it entered an order finding him competent to stand trial because he had moved to withdraw the issue of his competency. [MIO 1-9] Defendant's argument appears to be premised on the assumption that, having raised an issue as to his competency in the municipal court requiring suspension of the proceedings and transfer of the case to the district court, he could then preclude the district court from entering an order finding him competent to stand trial by simply moving to withdraw the issue. We disagree.

{3}     For the reasons stated in our notice of proposed disposition [CN 7-8], the issue of Defendant's competency was properly before the district court following transfer from the municipal court, *see* NMSA 1978, § 31-9-1 (1993) and Rule 8-507 NMRA (2011), and we see no error in the district court's entry of an order finding Defendant competent to stand trial under the circumstances of this case. *Cf. State v. Montoya*, 2010-NMCA-067, ¶ 14, 148 N.M. 495, 238 P.3d 369 (stating that a district court does not possess discretion to ignore an issue as to the defendant's competency once it has been raised). Save one out of state case, Defendant fails to cite any authority not cited in his docketing statement and already considered by this Court. [*Compare* DS 7-10 *with* MIO 2-8] What is more, none of the precedential New Mexico authorities cited by Defendant support his contention that he could prevent the district court from entering an order finding him competent to stand trial by moving to withdraw his request for a competency hearing once the issue had been raised.[1] In *Montoya*, for instance, the defendant filed a motion to withdraw his request for a competency hearing, and the district court then entered an order finding the defendant competent to stand trial. *See* 2010-NMCA-067, ¶ 4 ("After receiving the results of the evaluation, defense counsel was satisfied that [the d]efendant was competent to stand trial and moved to dismiss the competency proceedings. Based on [the d]efendant's motion, the district court issued an order finding [the d]efendant competent to stand trial."). Further, none of the other cases Defendant cites involve a defense request to withdraw a motion for a competency determination. *See State v. Erickson K.*, 2002-NMCA-058, ¶ 20, 132 N.M. 258, 46 P.3d 1258 ("It is well established that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

{4}     The only additional argument Defendant makes on this point is that catastrophic consequences resulting in the break-down of the orderly administration of justice will ensue if defendants are not allowed to withdraw their motions for competency determinations before they are ruled upon. [MIO 9-12] In response to Defendant's dire predictions, we emphasize that this case involves circumstances in which Defendant managed to successfully raise a question as to his competency, by which he had the criminal proceedings against him halted in the municipal court and the case transferred to the district court for the purpose of determining the competency question, then Defendant moved the district court to withdraw the issue of his competency while

---

1Defendant also cites this Court's unpublished opinion in *State v. Calvillo*, No. A-1-CA-33937, memo op. (N.M. Ct. App. Dec. 6, 2017) (non-precedential). [MIO 6-7] *Calvillo*, however, does not stand for the proposition that a district court errs if it enters an order finding a defendant competent to stand trial after the defendant moves to withdraw the issue. We therefore find this authority unpersuasive.

apparently stipulating to a finding by the district court of his competency, and the district court thereafter found Defendant was competent and remanded the matter back to the municipal court.[2] Under these circumstances, we perceive no error with the district's court's actions. And we need not address speculative arguments regarding possible outcomes in circumstances that are not presented here. *See State v. Trujillo*, 1994-NMSC-066, ¶ 12, 117 N.M. 769, 877 P.2d 575 (noting that appellate courts do not give advisory opinions on purely hypothetical issues).

**{5}** Defendant next continues to argue that because the district court initially ordered a psychological evaluation when the case was transferred from the municipal court, it must have necessarily found that a reasonable doubt existed as to his competency. [MIO 4-5] From this, Defendant argues that the district court erred in subsequently finding him competent to stand trial before the psychological evaluation had been completed. [MIO 5] Defendant, however, again has failed to cite any authority not already considered by this Court, has not cited any portion of the record suggesting our understanding of the relevant facts is incorrect, and has not otherwise convinced us that our initial proposed disposition on this point is erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Therefore, for the reasons stated in our notice of proposed disposition [CN 8-10], we find no error in the district court's determination that Defendant was competent to stand trial in absence of a psychological evaluation under the circumstances of this case.

**{6}** For these reasons and the reasons stated in our notice of proposed disposition, we affirm.

**{7}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**

---

2While Defendant has argued on appeal that the district court erred in entering an order finding him competent because he moved to withdraw the issue, it was defense counsel who submitted the proposed order to the district court that contained the language: "Defendant is [c]ompetent to proceed in the above captioned matter[.]" [RP 124] "It is well established that a party may not invite error and then proceed to complain about it on appeal." *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870.