This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40789

**STATE OF NEW MEXICO,**

Petitioner-Appellee,

v.

**GABRIEL RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Gabriel Rodriguez appeals his convictions for kidnapping, contrary to NMSA 1978, Section 30-4-1 (2003); assault on a peace officer – attempted battery, contrary to NMSA 1978, Section 30-22-21(A)(1) (1971); escape or attempt to escape from jail, contrary to NMSA 1978, Section 30-22-8 (1963); and conspiracy to escape or attempt to escape from jail, contrary to Section 30-22-8 and NMSA 1978, Section 30-28-2 (1979). As a result of these convictions, the district court sentenced Defendant to

just under forty-six years of incarceration, less one year and eight months, with twenty-five days of presentence confinement credit, plus four years of parole. On appeal, Defendant argues for reversal of his convictions and sentence, claiming the district court erred by (1) denying Defendant's request for a mistrial; (2) denying Defendant's motion for a competency evaluation; (3) sentencing Defendant in violation of the Eighth Amendment to the United States Constitution; and (4) imposing a habitual offender sentence enhancement. We perceive no error and accordingly affirm Defendant's convictions and sentence.

## DISCUSSION

### I. Mistrial

**{2}** First, Defendant argues that the district court erred when it denied his motion for a mistrial because testimony about Defendant's prior bad acts was improperly introduced. During cross-examination, Officer Murillo, the victim of Defendant's assault charge, testified that Defendant threw a chair at him during the attempted jail escape. Defense counsel asked if Defendant may have thrown the chair in self-defense out of fear that other guards would come in "and beat him up." Officer Murillo testified that he did not believe Defendant was acting in self-defense because "[h]e's done this before." Defense counsel responded, stating "Excuse me?" Officer Murillo replied, "He's done stuff like this before." Defendant subsequently moved for a mistrial because Officer Murillo's testimony about Defendant's prior acts was "not true." The State argued that defense counsel had "invited the testimony." The district court denied Defendant's motion, but offered to give the jury a curative instruction. Defense counsel accepted the district court's offer of a curative instruction, and the court accordingly instructed the jury to "[dis]regard the witness's last statement. It's not to form any part of your deliberations."[1]

**{3}** "[We] review a district court's denial of a motion for mistrial under an abuse of discretion standard." *State v. Hernandez,* 2017-NMCA-020, ¶ 14, 388 P.3d 1016 (alterations, internal quotation marks, and citation omitted). "The district court abuses its discretion in ruling on a motion for mistrial if it acts in an obviously erroneous, arbitrary, or unwarranted manner, or when the decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* (internal quotation marks and citations omitted).

**{4}** When a non-constitutional evidentiary ruling is the basis for the district court's alleged error in denying a mistrial, we evaluate whether the evidence "c[ould] be overcome by the district court's curative instruction or could otherwise be considered harmless error." *Id.* ¶ 20. "[A] non-constitutional error is harmless when there is no

---

[1]We observe, as do the parties, that the district court apparently misspoke by instructing the jury to "*regard* the witness's last statement," (emphasis added), rather than *disregard*. However, the district court immediately proceeded to instruct the jury not to use the witness's statement in their deliberations. Given this, and Defendant's failure to object to the wording of the curative instruction at trial, we decline to further consider the district court's misstatement.

reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110. When assessing the probable effect of evidentiary error, "[we] should evaluate all of the circumstances surrounding the error." *State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (internal quotation marks and citation omitted). "This requires an examination of the error itself, which . . . could include an examination of the source of the error and the emphasis placed upon the error." *Tollardo*, 2012-NMSC-008, ¶ 43. Additionally, the court should consider "evidence of a defendant's guilt separate from the error," though it should not be the singular focus of the analysis. *Id.*

**{5}**     "[G]enerally, a prompt admonition to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which might otherwise result." *Hernandez*, 2017-NMCA-020, ¶ 17 (omission, internal quotation marks, and citation omitted); *see also State v. Ruiz*, 2003-NMCA-069, ¶ 6, 133 N.M. 717, 68 P.3d 957 (stating that, generally, evidentiary errors are cured following the "prompt sustaining of an objection" and the giving of a curative instruction). "On review, this Court must determine whether there is a reasonable probability that the improperly admitted evidence could have induced the jury's verdict." *Hernandez*, 2017-NMCA-020, ¶ 17 (internal quotation marks and citation omitted).

**{6}**     On appeal, Defendant argues that the district court's curative instruction was insufficient to overcome the prejudice of Officer Murillo's inadmissible testimony under Rule 11-404(B) NMRA and Rule 11-403 NMRA. The State asserts that these arguments are unpreserved because Defendant's objection to Officer Murillo's testimony on the basis that it was "untrue" was not sufficient to invoke a ruling by the district court about the purported evidentiary error now raised on appeal. For purposes of this appeal we assume, without deciding, that Defendant's objection was sufficient to preserve the underlying evidentiary issue. Accordingly, we turn to the question before us—whether the potential prejudice of Officer Murillo's testimony could be "overcome by the district court's curative instruction or could otherwise be considered harmless error." *See Hernandez*, 2017-NMCA-020, ¶ 20.

**{7}**     Defendant argues that Officer Murillo's testimony was unfairly prejudicial because the jury may have speculated about Defendant's involvement in a prior bad act or inferred bad character or propensity in violation of Rule 11-404(B). However, under similar circumstances, this Court has held that the "probability of improper prejudice was not great, particularly in light of the district court's cautionary instruction and the fact that the challenged remark was somewhat ambiguous and not emphasized by the witness or counsel." *State v. Foster*, 1998-NMCA-163, ¶ 24, 126 N.M. 177, 967 P.2d 852 (internal quotation marks and citation omitted). *Compare id.* (holding that a police officer's remark about his prior dealings with the defendant did not require a mistrial based on improper evidence of prior bad acts), *with Hernandez*, 2017-NMCA-020, ¶ 21 (holding that improper hearsay evidence of a defendant's alleged confession was highly prejudicial because the testimony related to the critical issue in the case and "confessions can prejudice the jury's thinking on certain issues which it might otherwise have been able to decide objectively" (internal quotation marks and citation omitted)).

As in *Foster*, Officer Murillo's remark was isolated and ambiguous—he did not state or suggest that Defendant had conclusively attempted to escape from jail before.

**{8}** Moreover, unlike the challenged testimony in *Hernandez*, Officer Murillo's testimony did not contribute to the State's evidence nor did it substantively undermine any defense theory. No emphasis was placed on the isolated remark—neither party made further reference to it during trial. Nor did the district court's curative instruction specifically reference the purported prior bad act. Although Defendant contends that the curative instruction was inadequate because it did not inform the jury that Officer Murillo's testimony was untrue, it is not the court's place to weigh in on the truthfulness of the statement. Additionally, the given instruction reflected the language agreed to by the parties, and Defendant cannot now assert error in the wording of an instruction that he agreed to during trial. *See State v. Lopez*, 1986-NMCA-094, ¶ 40, 105 N.M. 538, 734 P.2d 778 ("Defendants cannot complain on appeal of claimed errors which were not objected to below.").

**{9}** Additionally, we agree with the State that Defendant, not the State, was the source of Officer Murillo's testimony. In this case, Defendant elicited Officer Murillo's testimony by continuing to ask questions about Defendant's motivations for throwing the chair. In response to Defendant's line of questioning, Officer Murillo's testified that Defendant was not wielding the chair as protection because "[Defendant]'s done this before." Then, in response to his testimony, defense counsel said "excuse me?," which invited Officer Murillo to repeat his testimony. Officer Murillo's answers were simply responsive to counsel's line of questioning.

**{10}** Further, the evidence presented of Defendant's guilt was compelling and significant. *See Tollardo*, 2012-NMSC-008, ¶ 43 (explaining that although other evidence of a defendant's guilt can never be the singular focus of harmless error analysis, it is often relevant to help us understand what role the error may have played in the trial proceedings). The State's evidence included a video, where Defendant can be seen pushing chairs at Officer Murillo and holding another officer in the control room while that officer was assaulted. The video, in conjunction with officer testimony about the incident, is sufficient evidence of Defendant's guilt of assault on a peace officer. In light of the foregoing, we conclude there is no reasonable probability that the improper testimony contributed to the jury's verdict. Therefore, "the district court acted well within the bounds of its discretion in determining that the evidence did not so taint the trial as to require a mistrial." *Foster*, 1998-NMCA-163, ¶ 24. We conclude that the curative instruction was sufficient to overcome any potential prejudice and affirm the district court's denial of a mistrial.

## II.    Motion for a Competency Evaluation

**{11}** Second, Defendant argues that the district court erroneously denied his post-conviction, presentencing motion to stay for a competency evaluation (the competency motion). Defendant contends he raised a reasonable belief that he was incompetent

such that the district court should have ordered him to undergo a competency evaluation pursuant to Rule 5-602.1(G) NMRA. We disagree.

**{12}** Defendant advocates for de novo review of the district court's denial of the competency motion because he asserts that his due process rights are implicated. However, in cases where this Court has reviewed motions for competency evaluations de novo, the defendant had raised concerns about the fairness of the underlying process. *See, e.g.*, *State v. Montoya*, 2010-NMCA-067, ¶¶ 10-11, 148 N.M. 495, 238 P.3d 369 (using a de novo standard of review because "the questions raised by [the d]efendant on appeal involve [the] right to raise the issue of competency and the proper process to be afforded . . . once that issue had been raised"); *State v. Gutierrez*, 2015-NMCA-082, ¶ 31, 255 P.3d 93 (reviewing a competency determination de novo because the district court followed an improper procedure). Here, Defendant's argument on appeal only concerns the district court's finding that his motion was not supported by a reasonable belief that he was incompetent to be sentenced.[2] *See Montoya*, 2010-NMCA-067, ¶ 23 (providing that "no person shall be called upon to stand trial or be sentenced who because of mental illness is incapable of understanding the nature and object of the proceedings" (internal quotation marks and citation omitted)). Thus, our review is for an abuse of discretion. *See State v. Flores*, 2005-NMCA-135, ¶¶ 20-21, 138 N.M. 636, 124 P.3d 1175 (reviewing the denial of a motion for a competency evaluation for an abuse of discretion). A district court abuses its discretion if its decision is "obviously erroneous, arbitrary and unwarranted" or is "clearly against the logic and effect of the facts and circumstances before the court." *State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722 (internal quotation marks and citation omitted).

**{13}** Competency refers to whether the defendant has "(a) sufficient present ability to consult with the defendant's lawyer with a reasonable degree of rational understanding, (b) a rational as well as factual understanding of the proceedings against the defendant, and (c) the capacity to assist in the defendant's own defense and to comprehend the reasons for punishment." Rule 5-602.1(B)(1)(a)-(c). Pursuant to Rule 5-602.1(G), the district court "shall order the defendant to undergo a competency evaluation" if the court finds that there is reasonable belief that a defendant is incompetent.

**{14}** Just over seven months before trial, Defendant underwent a "forensic evaluation" by Therese Duran, a licensed professional clinical counselor. Four days before trial, Defendant filed an updated witness list, which, for the first time, indicated that Duran "w[ould] testify about her forensic evaluation of [Defendant] and his inability to form . . . intent." The State subsequently filed a motion to exclude Duran from testifying at trial due to Defendant's failure to timely disclose. On the morning of trial, defense counsel explained the late disclosure of Duran, stating that she had arranged for Duran to meet with Defendant the previous week because she "was concerned . . . about [Defendant's] competency." Defense counsel's concerns arose because she felt that "[Defendant] had a really hard time processing the [State's] plea [offer] and making a decision and was

---

[2]Defendant also contends that the district court misapplied the law by denying Defendant's motion because competency is an issue for trial. However, the district court's order does not make such a finding, and we therefore decline to address this contention.

really, I felt, intellectually paralyzed." Importantly, after Defendant met with Duran, and defense counsel consulted with Duran, counsel no longer had concerns about Defendant's competency. Defense counsel told the district court that Defendant is "competent and I am not worried about that now . . . . [Competency] is, I just want to keep repeating . . . not an issue today." Defense counsel did not raise competency at this time, and the case proceeded to trial.

**{15}**    Over two weeks after trial, but before sentencing, Defendant filed a motion to stay for a competency evaluation. In the motion, Defendant argued that he was incompetent to be sentenced, and may have been incompetent to stand trial, because defense counsel believed Defendant was having "auditory and visual hallucinations" during trial. In support of her claim that Defendant was experiencing hallucinations, defense counsel cited an incident where Defendant thought a juror said that Defendant was "just a criminal," which, upon inquiry by the district court, turned out to be incorrect.[3] Otherwise, defense counsel only attached an email exchange to the motion between Duran and herself discussing how concerning Defendant's behavior was during the trial. The motion to stay was heard at the originally-scheduled sentencing hearing. At this hearing, defense counsel reasserted her belief that Defendant was experiencing hallucinations. The district court denied the motion to stay for a competency evaluation, specifically finding that "the motion [was] not supported by a reasonable belief that [D]efendant may not be competent to stand trial."

**{16}**    On appeal, Defendant states that defense counsel's concerns about Defendant's competency pretrial, as well as the incident with the juror, are sufficient to raise a reasonable belief that he was incompetent to be sentenced. We disagree and conclude that the district court did not abuse its discretion in denying Defendant's motion for a competency evaluation given the evidence before it.

**{17}**    First, defense counsel's concerns about Defendant's difficulty in processing a pretrial plea offer is not evidence of Defendant's competency at the time of trial or sentencing.[4] *See State v. Sena*, 1979-NMCA-043, ¶ 4, 92 N.M. 676, 594 P.2d 336 ("Competency to be sentenced involves the question of whether the [defendant] has not *at the present time* . . . sufficient intelligence to understand the nature of the proceedings against [them] . . . ." (emphasis added) (internal quotation marks and citation omitted)); *see also Flores*, 2005-NMCA-135, ¶ 27 ("[I]n New Mexico law, something more than counsel's unsubstantiated assertions and opinion regarding a defendant's competency is required to pass the reasonable doubt and good cause tests."). Second, the district court expressed doubt that the incident with the juror supported Defendant's claim of auditory hallucinations. But even assuming Defendant was experiencing auditory hallucinations, this alone, without any evidence of

---

[3]At trial, Defendant claimed that he heard a juror tell a deputy that Defendant was "just a criminal." This incident was raised to the district court two days later. The deputy was called to testify under oath, and she stated that the only time a juror had spoken to her during trial is when a juror asked her for some candy. Following the deputy's testimony, Defendant did not seek any relief. In fact, defense counsel apologized to the deputy for "wast[ing] [her] time."

[4]We do not opine on whether Defendant was competent at the time he denied the pretrial plea offer. Nor should this opinion be read to prevent Defendant from raising this issue in a petition for habeas corpus.

Defendant's ability to understand the proceedings and assist in his defense, does not inevitably give rise to incompetency. Although Defendant's motion to stay asserts that Defendant "may not have" been able to assist in his defense, this speculative assertion is insufficient to create a reasonable belief as to Defendant's competency. *See Flores*, 2005-NMCA-135, ¶ 20 ("No competency hearing is required when there is minimal or no evidence of incompetency."); Rule 5-602.1(D)(1)(b) (stating that a motion for a competency evaluation shall contain "a description of the facts and observations about the defendant that have formed the basis for the motion"). In the absence of any evidence that would tend to establish a "reasonable belief that the defendant may not be competent," Rule 5-602.1(F), we conclude that the district court did not abuse its discretion in denying Defendant's motion for a competency evaluation.

### III.    Proportionality of Sentence

**{18}**    Third, Defendant argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Specifically, Defendant argues that his sentence (1) is disproportionate to the crimes upon which he was convicted and (2) was imposed as "punishment" for taking his case to trial.[5] However, Defendant fails to indicate where in the record he preserved his claim that his sentence amounts to unconstitutionally cruel and unusual punishment. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (stating that appellate courts will not search the record to find whether an issue was preserved); *see also* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."). While we may exercise our discretion to review unpreserved issues if they involve the general public interest, fundamental error, or fundamental rights, *see* Rule 12-321(B) NMRA, we generally do not do so when these exceptions are not raised on appeal, *see State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested by the appellant). Though Defendant has not specifically asked us to review his sentence under these exceptions, even engaging in such a review, *see State v. Trujillo*, 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814 (reviewing an unpreserved claim of cruel and unusual punishment for fundamental error), we perceive no fundamental error. We explain.

**{19}**    Defendant's arguments about the proportionality of his sentence are based on a mistaken view of the facts. Generally, "a statutorily lawful sentence does not constitute cruel and unusual punishment." *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313. Defendant argues that his "forty-six-year sentence for an attempted

---

[5]Defendant also argues that his sentence is disproportionate to his involvement in the crime compared with the sentence of his alleged coconspirator, who accepted a plea offer. However, the record on appeal does not include a copy of the judgment and sentence imposed on his alleged coconspirator. We need not consider arguments that involve facts not in the record on appeal. *See* State v. Burdex, 1983-NMCA-087, ¶ 14, 100 N.M. 197, 668 P.2d 313 ("Facts not of record are not reviewable on appeal."). Thus, we decline to address this argument.

escape from jail" is disproportionate to the crime he committed. However, Defendant did not receive a forty-six-year sentence for escape from jail—he received a sentence of eighteen years for kidnapping; 364 days for assault on a peace officer; eighteen months for escape or attempt to escape from jail; eighteen months for conspiracy to escape or attempt to escape from jail; and an additional twenty-four years for three enhancements as a habitual offender. Escape from jail is a fourth-degree felony resulting in a basic sentence of eighteen months imprisonment. *See* § 30-22-8 (stating that escape from jail is a fourth-degree felony); NMSA 1978, § 31-18-15(A)(13) (2016, amended 2025) (indicating that the basic sentence for a fourth-degree felony is eighteen months of imprisonment). Defendant's sentence of eighteen months for escape from jail is statutorily permissible, and his argument necessarily fails. *See Burdex*, 1983-NMCA-087, ¶ 15.

**{20}**     Additionally, Defendant asserts that his sentence was imposed as "punish[ment] . . . for taking his case to trial, rather than accepting a plea offer." "A practice which discourages the Fifth Amendment right not to plead guilty, which deters the Sixth Amendment right to demand a jury trial and which chills the assertion of these constitutional rights by penalizing those who choose to exercise them is patently unconstitutional." *State v. Bonilla*, 2000-NMSC-037, ¶ 7, 130 N.M. 1, 15 P.3d 491 (internal quotation marks and citation omitted). Here, Defendant provides no indication in the record that the district court improperly considered the exercise of his constitutional right to a jury trial. *Cf. State v. Ernesto M., Jr.* (*In re Ernesto M., Jr.*), 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Thus, Defendant has not demonstrated the presence of exceptional circumstances that would shock the conscience or violate principles of fundamental fairness. *See State v. Suskiewich*, 2016-NMCA-004, ¶ 35, 363 P.3d 1247 (stating the standard for fundamental error in the context of a cruel and unusual punishment claim "must shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked" (internal quotation marks and citation omitted)). For these reasons, we see no fundamental error.

## IV.     Habitual Offender Enhancement

**{21}**     Finally, Defendant argues that the State failed to present sufficient evidence to prove that he had prior convictions in Texas for habitual offender sentencing purposes. To prove that a defendant is a habitual offender, the state must show that "(1) defendant must be the same person, (2) convicted of the prior felony, and (3) less than ten years have passed since the defendant completed serving [their] sentence, probation or parole for the conviction." *State v. Simmons*, 2006-NMSC-044, ¶ 8, 140 N.M. 311, 142 P.3d 899; *see* NMSA 1978, § 31-18-17 (2003). "The [s]tate bears the burden of establishing by a preponderance of the evidence that each element . . . is satisfied." *State v. Johnson*, 2024-NMCA-015, ¶ 28, 541 P.3d 141. "We review the sufficiency of the evidence presented in habitual offender proceedings under a substantial evidence standard of review." *Id.* (internal quotation marks and citation omitted). "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

**{22}** To prove Defendant's identity as the person convicted of the prior felonies, the State introduced certified copies of Texas Department of Corrections records. The records accurately reflect Defendant's name and date of birth in connection with several felony convictions. The records also include photographs of the offender, which Defendant does not dispute are of him. Additionally, a fingerprint expert testified that Defendant's fingerprints matched a set of fingerprints taken by authorities in conjunction with the Texas convictions. This is sufficient evidence for the district court to determine by a preponderance of the evidence that Defendant was the same individual named in the documents. *See State v. Perry*, 2009-NMCA-052, ¶ 57, 146 N.M. 208, 207 P.3d 1185 (holding that the state provided sufficient evidence of identity when it provided certified judgments and sentences with the defendant's name and birthdate and a fingerprint expert matched the defendant's fingerprints to fingerprints taken from the person involved in an out-of-state conviction). Accordingly, we affirm Defendant's habitual offender sentence enhancement.

## CONCLUSION

**{23}** For the foregoing reasons, we affirm Defendant's convictions and sentence.

**{24}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**